UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LATOYA MOSES, individually and on behalf of all others similarly situated, | Index No. |
| Plaintiff, | **COMPLAINT** |
| - against – | |
| UNITED PARCEL SERVICE GENERAL SERVICES CO. d/b/a UPS | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| Defendant. | |

Plaintiff LATOYA MOSES ("Plaintiff") by and through her attorneys, on behalf of herself and all others similarly situated, alleges, upon personal knowledge as to herself and her own acts, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action, on behalf of herself and other employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks, for herself and similarly situated employees, unpaid minimum wage, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2.      Plaintiff also brings this action, on behalf of herself and other employees similarly situated, to remedy violations of the New York State Labor Law, including N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYLL"), 12 NYCRR § 142-2.2, and 12 NYCRR § 142-2.3. Plaintiff seeks, for herself and all other similarly situated employees, unpaid minimum wage, unpaid wages,

statutory damages, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## JURISDICTION AND VENUE

3.    Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.    Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5.    Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because Defendant may be found in this District.

## PARTIES

6.    Plaintiff LATOYA MOSES ("Plaintiff") resides in the County of Queens in the State of New York. Plaintiff was employed by Defendant as a seasonal employee as a driver's helper and pre-loader, as described herein, beginning from in or around October 2015 through in or around January 2016 and from in or around October 2016 to the present.

7.    Defendant UNITED PARCEL SERVICE GENERAL SERVICES CO. d/b/a UPS ("Defendant") is a Delaware corporation, with its principal office and place of business at 55 Glenlake Parkway, NE, Atlanta, Georgia and has various places of business in the City, County, and State of New York.

8.    Defendant grossed more than $500,000.00 in each of the last six calendar years.

9.      At all relevant times, Defendant has been, and continues to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL.  At all relevant times, Defendant has employed "employee[s]", including Plaintiff, each of the FLSA Collective Plaintiffs and the Class Members.

## FACTUAL ALLEGATIONS

10.      Defendant operates an international package delivery service, delivering approximately 18.3 million packages daily.

11.      Defendant's success is attributed to its hard working employees that make up its 362,000-person workforce in The U.S.

12.      However, Defendant enforced a plan and policy of not paying its hard working seasonal employees at a minimum wage rate for all hours worked.

13.      At all times relevant hereto, Defendant employed Plaintiff, the FLSA Collective Plaintiffs and the Class Members as non-exempt seasonal employees including drivers' helpers and pre-loaders.

14.      Defendant enforced a plan and policy that required Plaintiff, the FLSA Collective Plaintiffs and the Class Members to arrive at their scheduled time and facility and wait to be assigned a specific duty, task, and/or section. If within between 20 and 30 minutes, Plaintiff, the FLSA Collective Plaintiffs and the Class Members weren't yet given an assignment, Defendant dismissed Plaintiff, the FLSA Collective Plaintiffs and the Class Members for the day. Defendant did not pay Plaintiff, the FLSA Collective Plaintiffs and the Class Members for the mandatory waiting time.

15.      Defendant generally scheduled Plaintiff to work between 5 and 6 days per week, between 4 and 5 hours per day.

16.    In 2016, as a pre-loader, Plaintiff arrived to work at Defendant's facility everyday she was scheduled to work, clocked in, and waited to be assigned a specific section. However, on most days, with the exception of orientation week and another full week, within between 20 and 30 minutes, of not assigning Plaintiff a specific section, Defendant dismissed Plaintiff for the day without without compensating Plaintiff for the work time.

17.    In 2015, as a pre-loader, during one week of her employment, Plaintiff arrived to work at Defendant's facility everyday she was scheduled to work, clocked in, and waited to be assigned a specific section. However, within between 20 and 30 minutes, of not assigning Plaintiff a specific section, Defendant dismissed Plaintiff for the day without compensating Plaintiff for the work time.

18.    In 2015, Plaintiff was assigned the position of driver's helper from in or around October 2015 through on or about November 15, 2015.

19.    Defendant likewise required drivers' helpers to arrive to work and wait, with the exception that drivers' helpers were not allowed to clock in until they were on the truck "working".

20.    As a driver's helper, Defendant required Plaintiff to arrive to work at Defendant's facility everyday she was scheduled to work and required Plaintiff to wait to be assigned a specific duty. With the exception of 3 days, Plaintiff was dismissed for the day, without being compensated for her work time.

21.    Defendant did not pay Plaintiff and the FLSA Collective Plaintiffs, and the Class Members an hourly minimum wage rate of pay for all hours worked.

22.    Defendant knowingly and willfully operated its business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff, the Collective Plaintiffs and the Class Members.

23.    Defendant did not pay Plaintiff and the FLSA Collective Plaintiffs, and the Class Members an hourly minimum wage rate of pay for all hours worked.

24.    Upon information and belief, Defendant violated NYLL § 195(3) by failing to furnish Plaintiff and the Class Members with an accurate statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

25.    Defendant knew of, and/or showed reckless disregard for, the practices by which Plaintiff and other similarly situated employees of Defendant were not paid minimum wage for all hours worked.

26.    Defendant committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff and the FLSA Collective Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

27.    Plaintiff brings the First claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendant in the State of New York as seasonal non-exempt employees at any time, during the three years prior to the filing of the original Complaint in this case as defined herein. All said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs".

28.    At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendant's decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required minimum wage for all hours worked per workweek.  The claims of the Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

29.     Other individuals employed by Defendant in the State of New York as a seasonal non-exempt employee should have the opportunity to have their claims for violations of the FLSA heard for claims that arose during the three years prior to the filing of the original Complaint. Certifying this action as a collective action under the FLSA will provide other individuals employed by Defendant in the State of New York as a seasonal non-exempt employee for claims that arose during the three years prior to the filing of the original Complaint to receive notice of the action and allow them to opt in to such an action if they so choose.

30.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendant.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

31.     Plaintiff brings the Second and Third claims for Relief pursuant to the Fed. R. Civ. P. ("FRCP") Rule 23, to recover minimum wages, unpaid wages, and statutory and other damages on behalf of all individuals employed in the State of New York by Defendant as seasonal non-exempt employee at any time during the six years prior to the filing of the original Complaint (the "Class Period"). All said persons, including Plaintiff, are referred to herein as the "Class Members" and/or the "Class".

32.     The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendant. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendant's records. Notice can be provided by means permissible under FRCP Rule 23.

33.    The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiff and is presently within the sole control of the Defendant, Plaintiff believes that through discovery she will obtain evidence to establish that there are at least forty members of the Class.

34.    Plaintiff's claims are typical of those claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of the Defendant, in that Defendant failed pay minimum wage for all hours worked and to provide Class Members with proper wage statements as required by NYLL §195. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member.

35.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff retained Gennadiy Naydenskiy, Esq., from Naydenskiy Law Group, P.C., who is a competent and experienced employment litigator.

36.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and

burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

37.    Upon information and belief, employees of Defendants are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

38.    The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (a) whether Defendant paid Class Members for all hours worked, (b) whether Defendant paid Class Members minimum wage for all hours worked, (c) whether Defendant paid Class Members call-in pay, and (d) whether Defendant provided Class Members with compliant wage statements as required by NYLL § 195(3.

39.     Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendant will retain the proceeds of their violations of the NYLL.

## FIRST CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage – FLSA, Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiff)

40.     Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

41.     Defendant failed to pay Plaintiff and the FLSA Collective Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

42.     Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid minimum wage, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

43.     Because Defendant's violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

## SECOND CLAIM FOR RELIEF
### (NYLL, Brought by Plaintiff on Behalf of Herself and the Class Members)

44.     Plaintiff, on behalf of herself and the Class Members, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

45.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying minimum wage or overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

46.     It is unlawful under New York law for an employer to suffer or permit an employee to work without compensation for all hours worked.

47.    New York Law requires Defendant to pay Plaintiff and the class members call-in pay of at least four hours for any shift where the employee is called in to work.

48.    Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the Class Members wages, minimum wage, and call-in pay.

49.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

50.    Plaintiff and the Class Members seek damages in the amount of their respective unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (Wage Statement Violations – NYLL §195, Brought by Plaintiff on Behalf of Herself and the Class Members)

51.    Plaintiff, on behalf of herself and the Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth again herein.

52.    Defendant failed to supply each Plaintiff and the Class Members with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

53.    Due to Defendant's violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendant $100 for each workweek up to $2,500 for violations that occurred prior to February 27, 2015 or $250 for each workday for violations that occurred on or after February 27, 2015, or a total of $5,000, as provided for by NYLL § 198(1)-d,, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, the FLSA Collective Plaintiffs, and the Class Members, pray for relief as follows:

(a)    Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)    Certification of this action as a class action;

(c)    Designation of the Named Plaintiff as Representative of the FLSA Collective Plaintiffs and Class Representative of the Class;

(d)    An award of damages, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendant;

(e)    Costs of action incurred herein, including expert fees;

(f)    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(g)    Pre-Judgment and post-judgment interest, as provided by law; and

(h)    Such other and further legal and equitable relief as this Court deems necessary, just

and proper.


Dated: November 15, 2016                          Respectfully submitted,

                                                 NAYDENSKIY LAW GROUP, P.C.


                                                 Gennadiy Naydenskiy (GN5601)
                                                 1517 Voorhies Avenue, 2nd Fl.
                                                 Brooklyn, NY 11235
                                                 (718) 808-2224
                                                 naydenskiylaw@gmail.com
                                                 *Attorney for Plaintiff, Proposed Collective Action*
                                                 *Plaintiff and Proposed Class Members.*

# EXHIBIT A

I am a current or former employee of United Parcel Service, Inc., and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Naydenskiy Law Group, P.C. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this ___9___ day of ___Nov___ , 2016.

_____
Signature

_____
LaToya Moses
Full Legal Name (print)