UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LATOYA MOSES and ALBERT MORALES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against –<br><br>UNITED PARCEL SERVICE, INC.<br><br>Defendant. | 16-cv-6331 (DLI) (VMS)<br><br>**AMENDED**<br><br>**COMPLAINT**<br><br>FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION |

Plaintiffs LATOYA MOSES and ALBERT MORALES ("Plaintiffs") by and through their attorneys, on behalf of themselves and all others similarly situated, alleges, upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiffs seek, for themselves and similarly situated employees, unpaid minimum wage, overtime wages, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2.  Plaintiffs also bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of the New York State Labor Law, including N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYLL"), 12 NYCRR § 142-2.2, and 12 NYCRR § 142-2.3. Plaintiffs seeks, for themselves and all other similarly situated employees, unpaid minimum wage, unpaid wages, overtime wages, statutory damages, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## JURISDICTION AND VENUE

3.  Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.  Jurisdiction of this Court over Plaintiffs' NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5.  Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because Defendant may be found in this District.

## PARTIES

6.  Plaintiff LATOYA MOSES resides in the County of Queens in the State of New York. Plaintiff was employed by Defendant as a seasonal employee as a driver's helper and pre-

loader, as described herein, beginning from in or around October 2015 through in or around January 2016 and from in or around October 2016 through in or around November 2016.

7. Plaintiff ALBERT MORALES was employed by Defendant as a seasonal driver's helper, beginning from on or about December 9, 2016 through on or about December 29 or 30, 2016 in Defendant's Fordham, Bronx, facility.

8. Defendant UNITED PARCEL SERVICE, INC. ("Defendant") is a Delaware corporation, with its principal office and place of business at 55 Glenlake Parkway, NE, Atlanta, Georgia and has various places of business in the City, County, and State of New York.

9. Defendant grossed more than $500,000.00 in each of the last six calendar years.

10. At all relevant times, Defendant has been, and continues to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, Defendant has employed "employee[s]", including Plaintiffs, each of the FLSA Collective Plaintiffs and the Class Members.

## FACTUAL ALLEGATIONS

11. Defendant operates an international package delivery service, delivering approximately 18.3 million packages daily.

12. Defendant's success is attributed to its hard working employees that make up its 362,000-person workforce in The U.S.

13. However, Defendant enforced a plan and policy of not paying its hard working seasonal employees at a minimum wage rate or overtime pay for all hours worked.

14. At all times relevant hereto, Defendant employed Plaintiffs, the FLSA Collective Plaintiffs and the Class Members as non-exempt seasonal employees including drivers' helpers and pre-loaders.

15. Defendant enforced a plan and policy that required Plaintiffs, the FLSA Collective Plaintiffs and the Class Members to arrive at their scheduled time and assigned facility and wait to be assigned a specific duty, task, and/or section. If within between 20 and 30 minutes, Plaintiffs, the FLSA Collective Plaintiffs and the Class Members weren't yet given an assignment, Defendant dismissed Plaintiffs, the FLSA Collective Plaintiffs and the Class Members for the day. Defendant did not pay Plaintiff, the FLSA Collective Plaintiffs and the Class Members for the mandatory waiting time.

16. Defendant scheduled Plaintiff MOSES to work between 5 and 6 days per week, between 4 and 5 hours per day.

17. In 2016, as a pre-loader, Plaintiff MOSES arrived to work at Defendant's facility everyday she was scheduled to work, clocked in, and waited to be assigned a specific section. However, at least 1 day, every week, with the exception of orientation week and another full week, Defendant dismissed Plaintiff within between 20 and 30 minutes, of not assigning Plaintiff MOSES a specific section, without compensating Plaintiff MOSES for the work time.

18. In 2015, as a pre-loader, during one week of her employment, Plaintiff MOSES arrived to work at Defendant's facility, clocked in, and waited to be assigned a specific section. However, within between 20 and 30 minutes, of not assigning Plaintiff a specific section, Defendant dismissed Plaintiff MOSES for the day without compensating Plaintiff MOSES for the work time.

19. Additionally, in 2015, Plaintiff MOSES was assigned the position of driver's helper from in or around October 2015 through on or about November 15, 2015.

20. Defendant scheduled Plaintiff MORALES, a driver's helper, to work- and Plaintiff MORALES worked- 6 days a week, between 8 and 9 hours per work week.

21. Defendant enforced a plan and policy that did not compensate Plaintiffs until their first box was scanned.

22. Defendant did not pay Plaintiffs anything **$0.00** from the time Plaintiffs arrived to Defendant's facility until the time Plaintiffs scanned their first box ("clocked in") which took between an hour and an hour and a half per work day.

23. Defendant required drivers' helpers to arrive to work and wait.

24. Defendants required Plaintiffs to wait until the driver is dismissed from the drivers' morning meeting.

25. Subsequently, due to Defendants facility space requirements, drivers are required to drive out in their assigned order. Thus, Plaintiffs are working with the drivers as they are waiting to depart the facility in the assigned order.

26. Additionally, Defendant enforces a plan and policy that requires driver helpers to be with the driver in route to the first assigned pick up and/or drop off.

27. Moreover, Defendant enforces a plan and policy that only allows drivers to deliver "air" mail. Thus, Plaintiffs were required to wait, in the truck, until the driver is done with the air mail deliveries in order to be able to go to the first non-air mail residence or business and scan their (driver's helper's) first box.

28. Alternatively, if upon arrival to work, a driver's helper is not assigned a driver to help, within between 20 and 30 minutes, he/she is then dismissed for the day, without being compensated for the work time.

29. As a driver's helper, Defendant required Plaintiff MOSES to arrive to work at Defendant's facility everyday she was scheduled to work and required Plaintiff MOSES to wait to be assigned a driver to help. However, with the exception of 3 days, Plaintiff was dismissed for the day, without being compensated for her work time.

30. Defendant did not pay Plaintiff MOSES, the FLSA Collective Plaintiffs, and the Class Members an hourly minimum wage rate of pay for all hours worked.

31. Defendant did not pay Plaintiff MORALES, the FLSA Collective Plaintiffs, and the Class Members an overtime premium rate of pay for all hours worked

32. Defendant knowingly and willfully operated its business with a policy of not paying the FLSA minimum wage and overtime pay and the New York State minimum wage and overtime pay to the Plaintiffs, the Collective Plaintiffs and the Class Members.

33. Upon information and belief, Defendant violated NYLL § 195(3) by failing to furnish Plaintiff and the Class Members with an accurate statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

34. Defendant knew of, and/or showed reckless disregard for, the practices by which Plaintiff and other similarly situated employees of Defendant were not paid minimum wage for all hours worked.

35. Defendant committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff and the FLSA Collective Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs bring the First and Second claims for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendant in the State of New York as seasonal non-exempt employees at any time, during the three years prior to the filing of the original Complaint in this case as defined herein. All said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs".

37. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendant's decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required minimum wage for all hours worked per workweek. The claims of the Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

38. Other individuals employed by Defendant in the State of New York as a seasonal non-exempt employee should have the opportunity to have their claims for violations of the FLSA heard for claims that arose during the three years prior to the filing of the original Complaint. Certifying this action as a collective action under the FLSA will provide other individuals employed by Defendant in the State of New York as a seasonal non-exempt employee for claims that arose during the three years prior to the filing of the original Complaint to receive notice of the action and allow them to opt in to such an action if they so choose.

39. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action,

their names and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendant.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

40. Plaintiffs bring the Second, Third, and Fourth claims for Relief pursuant to the Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid wages, minimum wages, overtime wages, and statutory and other damages on behalf of all individuals employed in the State of New York by Defendant as seasonal non-exempt employee at any time during the six years prior to the filing of the original Complaint (the "Class Period"). All said persons, including Plaintiff, are referred to herein as the "Class Members" and/or the "Class".

41. The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendant. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendant's records. Notice can be provided by means permissible under FRCP Rule 23.

42. The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiff and is presently within the sole control of the Defendant, Plaintiff believes that through discovery she will obtain evidence to establish that there are at least forty members of the Class.

43. Plaintiff's claims are typical of those claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of the Defendant, in that Defendant failed pay minimum wage for all hours worked and to provide Class Members with

proper wage statements as required by NYLL §195. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member.

44.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff retained Gennadiy Naydenskiy, Esq., from Naydenskiy Law Group, P.C., who is a competent and experienced employment litigator.

45.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not

parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

46. Upon information and belief, employees of Defendants are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

47. The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (a) whether Defendant paid Class Members for all hours worked, (b) whether Defendant paid Class Members minimum wage for all hours worked, (c) whether Defendant paid Class Members overtime wages for all hours worked in excess of 40 hours (d) whether Defendant paid Class Members call-in pay, and (e) whether Defendant provided Class Members with compliant wage statements as required by NYLL § 195(3).

48. Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendant will retain the proceeds of their violations of the NYLL.

### FIRST CLAIM FOR RELIEF
(Failure to Pay Minimum Wage – FLSA, Brought by Plaintiff MOSES on Behalf of Herself and the FLSA Collective Plaintiff)

49. Plaintiff MOSES, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

50. Defendant failed to pay Plaintiff MOSES and the FLSA Collective Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

51. Plaintiff MOSES, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid minimum wage, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

52. Because Defendant's violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

### SECOND CLAIM FOR RELIEF
(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff MORALES on Behalf of Himself and the FLSA Collective Plaintiffs)

53. Plaintiff MORALES, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

54. Throughout the statute of limitations period covered by these claims, Plaintiff MORALES and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

55. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

56. Plaintiff MORALES, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated

(double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

57. Because Defendant's violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

### THIRD CLAIM FOR RELIEF
(NYLL, Brought by Plaintiff MOSES on Behalf of Herself and the Class Members)

58. Plaintiff MOSES, on behalf of herself and the Class Members, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

59. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying minimum wage for all hours worked in excess of forty (40) hours in any workweek.

60. It is unlawful under New York law for an employer to suffer or permit an employee to work without compensation for all hours worked.

61. New York Law requires Defendant to pay Plaintiff and the class members call-in pay of at least four hours for any shift where the employee is called in to work.

62. Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the Class Members wages, minimum wage, and call-in pay.

63. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

64. Plaintiff MOSES and the Class Members seek damages in the amount of their respective unpaid wages, minimum wages, liquidated damages, prejudgment interest, attorneys'

fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages – NYLL, Brought by Plaintiff MORALES on Behalf of Himself and the Class Members)

65. Plaintiff MORALES, on behalf of himself and the Class Members, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

66. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

67. Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the Class Members the required overtime rates for hours worked in excess of forty (40) hours per workweek.

68. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

69. Plaintiff MORALES and the Class Members seek damages in the amount of their respective unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
**(Wage Statement Violations – NYLL §195, Brought by Plaintiffs on Behalf of Themselves and the Class Members)**

70. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.

71. Defendant failed to supply each Plaintiff and the Class Members with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

72. Due to Defendant's violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendant $100 for each workweek up to $2,500 for violations that occurred prior to February 27, 2015 or $250 for each workday for violations that occurred on or after February 27, 2015, or a total of $5,000, as provided for by NYLL § 198(1)-d, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs, and the Class Members, pray for relief as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the

pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)  Certification of this action as a class action;

(c)  Designation of the Named Plaintiffs as Representatives of the FLSA Collective Plaintiffs and Class Representatives of the Class;

(d)  An award of damages, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendant;

(e)  Costs of action incurred herein, including expert fees;

(f)  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(g)  Pre-Judgment and post-judgment interest, as provided by law; and

(h)  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: January 12, 2016

Respectfully submitted,

NAYDENSKIY LAW GROUP, P.C.

_____
Gennadiy Naydenskiy (GN5601)
1517 Voorhies Avenue, 2nd Fl.
Brooklyn, NY 11235
(718) 808-2224
naydenskiylaw@gmail.com
*Attorney for Plaintiffs, Proposed Collective Action Plaintiff and Proposed Class Members.*

# EXHIBIT A

I am a current or former employee of United Parcel Service, Inc., and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Naydenskiy Law Group, P.C. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this 9 day of Nov, 2016.

_____
Signature

LaToya Moses
_____
Full Legal Name (print)

I am a current or former employee of United Parcel Service, Inc., and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Naydenskiy Law Group, P.C. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this ____ day of 12/30/2016 , 2016.

*Albert Morales*
D1FC60089D284A2
_____
Signature

Albert Morales
_____
Full Legal Name (print)